## OCKEY v. KEARSARGE STANDARD MINING CO. et al.

No. 5131. Decided June 7, 1932. [11 P. (2d) 1046.]

*S. D. Huffaker*, of Salt Lake City, for appellants.

*B. E. Roberts*, of Salt Lake City, for respondents.

STRAUP, J.

The Kearsarge Standard Mining Company as maker and the individual defendants as indorsers gave their promissory note to the C. S. Goddard Company as payee for the sum of $1,500, which after maturity was by the Goddard Company sold and indorsed to the plaintiff, Ockey. He, as holder of the note, brought this action against the maker, the indorsers, and the payee to recover the full amount of the note with interest and attorneys' fees. All of the defendants except the Goddard Company answered admitting the execution and nonpayment of the note, and counterclaimed on two counts, alleging that the note, together with another note which was paid, and some cash, were given for the purchase of capital stock of several mining companies, some of which, in violation of an agreement between the Goddard Company and the Kearsarge Company, was not delivered to the maker and indorsers of the note, by reason of which it was alleged in one count that they were entitled to a credit of $812.50, and in the other count that, because of misrepresentations made by the Goddard Company with respect to such stock, they were damaged in the further sum of $812.50. The defendants thus sought to have both of such amounts, the sum of $1625.00, offset against the note sued on. The court, in substance, found that the note as part consideration was given for the purchase of stock as in the counterclaim alleged, that the Goddard Company failed to deliver some of such stock agreed by it to be delivered to the damage of the makers and indorsers of the note in the sum of $812.50, and deducted such amount from the amount due on the note and rendered judgment in favor of the plaintiff and against the defendant for the balance remaining unpaid, including interest in the sum of $785.54, $150 attorney's fees, and $12 costs.

From the judgment the defendants, all but the Goddard Company, appealed, claiming that they were entitled to a set-off of a further sum of $812.50 which, if allowed, would have covered the amount of the judgment rendered against them and thus entitled them to a judgment against the plaintiff of no cause of action. The plaintiff also appealed, claiming that, in the transaction, the $1,500 note sued on was given for particular specified stock which was delivered, and that the consideration for the undelivered shares of stock was cash paid and another note which was paid, and that the $1,500 note was no part of the consideration for the undelivered stock, and hence the plaintiff was entitled to have the consideration so apportioned as to give him judgment for the full amount of the $1,500 note.

We see no substantial merit to either appeal. The point is made by the defendants on their appeal that the court failed to find on all of the issues presented by the counterclaim. We think that not tenable. The defendants by their two counts in effect, split their claim. Both counts related to but one transaction, the failure of the Goddard Company to deliver all of the stock agreed to be delivered by it. Because of that failure, the court allowed the defendants a credit of $812.50 as moneys paid for which they received no stock. When they got that, they were not entitled to claim the same amount for alleged damages and have judgment for a further sum of $812,50. We think the court gave them all they were entitled to, and in doing so properly found and disposed of the counterclaim.

Now as to the plaintiff's appeal. The case is not one coming within the rule of apportioning a consideration of a contract. The court found, and the evidence sustains the finding, that the Goddard Company and the Kearsarge Standard Mining Company entered into an agreement whereby the former sold and the latter purchased a specified number of shares of the capital stock of the

Ophir Bullion Mining Company and 77,000 shares of the Kearsarge Standard Mining Company, 32,500 shares of which the Goddard Company had pledged to secure the payment of a loan. By the agreement the Goddard Company was to receive 2½ cents a share for the stock, except for the pledged 32,500 shares, for which it was to receive 5 cents a share, the Goddard Company claiming that it would have to pay that amount to release such stock from the pledge; and it was upon that basis that the Kearsarge Company agreed to pay the Goddard Company 5 cents a share for the pledged stock and 2½ cents for all of the other shares of stock. In payment of the whole transaction and sale, the Kearsarge Company gave the Goddard Company two notes, one for $1,000 and one for $1,500, and paid the remaining consideration in cash. The $1,500 note after maturity was sold to the plaintiff. The Goddard Company failed to release the 32,500 shares from the pledge and failed to deliver such shares to the Kearsarge Company. The contract was an entirety, a sale of an agreed number of shares of capital stock of several mining companies at an agreed price. The notes given were not, nor was the cash paid, for any particular portion of the stock purchased. They all were parts of and made up the whole consideration for the entire contract price. The note for $1,500 was just as much a part of the consideration for the purchase of the 32,500 shares as for the purchase of any part of the other shares. It was all one transaction, one sale, and one consideration for the whole of the stock. It was so regarded by the court and so was the case ruled. We think no error was committed in the ruling.

The judgment is thus affirmed; each party to pay his own costs.

CHERRY, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.